UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN GONZALEZ and LORENA GONZALEZ, <br><br>Plaintiffs, <br><br>v. <br><br>PIONEER INDUSTRIAL SYSTEMS, LLC.., <br><br>Defendant, <br><br>PIONEER INDUSTRIAL SYSTEMS, LLC., <br><br>Third-Party Plaintiff, <br><br>v. <br><br>MENARD, INC., <br><br>Third-Party Defendant. | No. 15 –cv- 11583 |

### MENARD INC'S REPLY IN SUPPORT OF ITS
### MOTION TO DISMISS THIRD-PARTY COMPLAINT

NOW COMES the Third-Party Defendant, Menard, Inc. by and through its attorneys OTTOSEN BRITZ KELLY COOPER GILBERT & DINOLFO, LTD. and for its Reply Brief in Support of its Motion to Dismiss states as follows:

1. This matter is a personal injury lawsuit in which Defendant Pioneer Industrial Systems, LLC (hereinafter "Pioneer") has filed a Third-Party Complaint for contribution against Third-Party Defendant Menard, Inc. (hereinafter "Menard").

2. Menard filed a Motion to Dismiss pursuant to an arbitration clause contained in the purchase order between Menard and Pioneer. In

1

response, Pioneer makes two arguments: (1) Pioneer entered into an agreement with Midwest Manufacturing, not Menard; and (2) Pioneer had no knowledge of the arbitration clause. For reasons outlined below, both arguments fail and Pioneer's Third-Party Complaint must be dismissed.

**Midwest Manufacturing is a division of Menard and not a separate corporation**

3. Midwest Manufacturing is part of Menard's corporate structure and acts as its manufacturing division.

4. Jeff Sacia is the Director of Credit Card Operations for all of Menard. He is familiar with the corporate structure and the overall administrative functions of the corporation.

5. The retail arm of Menard is commonly known as Menard's and it operates a multitude of hardware stores throughout the Midwest. Menard also operates a less well known manufacturing arm, known as Midwest Manufacturing. Both operate under the single corporate umbrella of Menard, Inc. Neither arm of the corporate structure has any independent authority to operate as its own corporation.

6. Midwest Manufacturing is not a separate corporate entity; it is not registered, licensed, or authorized to do business in any state. (See affidavit of Jeff Sacia attached hereto as **Exhibit 1**).

7. Pioneer argues that Midwest Manufacturing is a separate corporate entity with which it was doing business. In support of its argument, Pioneer relies on the name Midwest Manufacturing being on the purchase order and the

information about Midwest Manufacturing which, ironically, Pioneer found on www.menards.com.

8. Neither argument is sufficient to allow Pioneer avoid the arbitration clause that it agreed to when it entered into a purchase order with Menard through Midwest Manufacturing.

9. At no point in its response does Pioneer identify a legal distinction between Midwest Manufacturing and Menard, Inc. Pioneer cannot identify a legal distinction because no legal distinction exists.

10. While Midwest Manufacturing operates as the manufacturing division of Menard, there is another Midwest Manufacturing Inc. that is registered to do business in Wisconsin. Per the Wisconsin Secretary of State, its principal place of business is located in Waukesha, Wisconsin, nearly 250 miles away from the Midwest Manufacturing distribution center that Pioneer was actually doing business with. (A copy of the Secretary of State Webpage for Midwest Manufacturing, Inc. is attached hereto as Exhibit 2).

11. Pioneer was not dealing with the small business incorporated as Midwest Manufacturing, Inc. out of Waukesha, Wisconsin. Pioneer knew that it was dealing with a Menard corporate entity because the contact information for the purchase order directed Pioneer to 4631 Menard Drive, Eau Claire, Wisconsin – a building on the corporate campus of Menard.

12. Pioneer continues to know that Midwest Manufacturing is a part of Menard because in its response to Menard's Motion to Dismiss, Pioneer attached

two webpages from www.menards.com that provide information about Midwest Manufacturing.

13. Pioneer does not cite any corporate filing or other legal document that purports to show a distinction between Menard and Midwest Manufacturing because no such legal document exists.

14. Finally, it is important to note that Pioneer seeks the benefits of the relationship between Menard and Midwest Manufacturing by naming Menard, not Midwest Manufacturing, as the Third-Party Defendant. Now, when the relationship between Menard and Midwest Manufacturing is to Pioneer's detriment, Pioneer denies the relationship. Pioneer cannot have it both ways.

**Pioneer agreed to be bound by the Conditions of Order identified in Menard's Motion to Dismiss**

15. Even if Pioneer was not aware of the Conditions of Order, it agreed to be bound by them by entering into a purchase agreement with Midwest Manufacturing.

16. Like the distinction that Pioneer attempts to draw between Midwest Manufacturing and Menard, Pioneer makes another argument based on semantics. Pioneer argues that Conditions of Order are different than the terms and conditions referenced in the purchase order.

17. Pioneer acknowledges that each page of the five-page purchase order contains the following statements: "This purchase order is subject to the current terms and conditions issued by Midwest Manufacturing. All inconsistent terms and conditions submitted by vendor shall have no

effect. *If vendor is unsure of Midwest Manufacturing's current terms and conditions, contact Midwest Manufacturing's general office for a copy.*" (emphasis added).

18. The Conditions of Order attached to Menard's Motion to Dismiss are the terms and conditions referenced in the purchase order. If Pioneer is aware of different terms and conditions, Pioneer should provide those different terms and conditions to the court and to opposing counsel. If Pioneer was unsure of the terms and conditions, it should have inquired with Midwest Manufacturing – as is made clear on each page of the purchase order.

19. Pioneer agreed to be bound by the Conditions of Order when it entered into the purchase order with Midwest Manufacturing. Pioneer's choice not to inquire into the meaning of the phrase "terms and conditions" in the purchase order does not undo the existence of those terms and conditions, namely the Conditions of Order.

WHEREFORE, for the reasons stated herein and in its Motion to Dismiss, Third-Party Defendant MENARD, INC. prays that this Court dismiss Third-Party Plaintiff's Complaint and for any further relief deemed just and appropriate.

Respectfully Submitted:

*/s/ W. Anthony Andrews*
W. Anthony Andrews

5

W. Anthony Andrews
Vladimir Shuliga, Jr.
Ottosen Britz Kelly Cooper Gilbert & DiNolfo, Ltd.
1804 N. Naper Blvd; Suite 350
Naperville, Illinois 60563
630-682-0085