# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JUAN GONZALEZ and LORENA GONZALEZ, <br><br> Plaintiffs, <br><br> v. <br><br> PIONEER INDUSTRIAL SYSTEMS, LLC, <br><br> Defendant. <br><hr> PIONEER INDUSTRIAL SYSTEMS, LLC, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> MENARD, INC, <br><br> Third- Party Defendant. | No. 15 C 11583 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

On June 20, 2016, Pioneer Industrial Systems, LLC filed a Third-Party Complaint seeking contribution against Menard, Inc. based on the underlying lawsuit filed by Juan and Lorena Gonzalez. Menard has filed a Motion to Dismiss the Third-Party Complaint, arguing that Pioneer was bound by contract to submit any claim for contribution to arbitration. For the reasons stated below, I am granting Menard's Motion to Dismiss.

## BACKGROUND

Pioneer is a corporation located in Ohio that is in the business of designing, manufacturing, and selling material handling equipment. It manufactured a machine called a "Pre-Hung Door Pick Car" and sold that machine for use at a facility owned by Menard, Inc.

1

Juan Gonzalez was employed at the Menard facility and alleges that he was injured by the machine. Gonzalez has filed a personal injury suit against Pioneer, and Pioneer filed a claim for contribution against Menard, Inc.

The motion before me raises the question of whether the contribution suit must go to arbitration. Menard, Inc. argues that it had a contract with Pioneer that requires arbitration in circumstances such as this.

The contract at issue is a purchase order agreement between Pioneer and "Midwest Manufacturing." The purchase order agreement, entered into by Pioneer and Midwest Manufacturing on April 24, 2012, contained the following statements: "This purchase order is subject to the current terms and conditions issued by Midwest Manufacturing. All inconsistent terms and conditions submitted by vendor shall have no effect. If vendor is unsure of Midwest Manufacturing's current terms and conditions, contact Midwest Manufacturing's general office for a copy."

One of the conditions referenced by purchase order provides:

> Vendor agrees that it will first attempt to resolve any dispute by contacting Midwest directly. If Midwest and Vendor are unable to resolve the dispute by these means, Midwest and Vendor agree to submit to **final and binding arbitration**. Problems, claims, or disputes subject to binding arbitration include, but are not limited to: non-statutory claims such as contractual claims, quasi-contractual claims, tort claims, and any and all causes of action arising under international, federal or state laws or common law.

Menard, Inc. argues that this clause requires Pioneer to pursue its claim via arbitration. Pioneer argues that the purchase order constitutes a contract between Pioneer and Midwest Manufacturing, but the third-party defendant Menard, Inc. was not a party to the contract.

**LEGAL STANDARD**

The Seventh Circuit follows the majority of courts in finding that Rule 12(b)(3) is the appropriate basis for deciding a motion to enforce arbitration. *Auto. Mechanics Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007).

The plaintiff bears the burden of establishing that venue is proper. *Marzano v. Proficio Mortg. Ventures, LLC*, 942 F. Supp. 2d 781, 787 (N.D. Ill. 2013) (citing *Int'l Travelers Cheque Co. v. BankAmerica Corp.*, 660 F.2d 215, 222 (7th Cir. 1981)). When ruling on a motion to dismiss for improper venue, the Court takes all the allegations in the complaint as true, unless contradicted by an affidavit. *Id.* The Court may consider facts outside the complaint and must resolve the factual conflicts in the parties' submissions in favor of the plaintiff. *Id.*

**DISCUSSION**

To compel arbitration, a party needs to show "(1) an agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal by the opposing party to proceed to arbitration." *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006).

Pioneer challenges whether Menard, Inc. can satisfy the first element required to compel arbitration. The company makes two arguments. First, Pioneer argues that the "Conditions of Order" were not a part of the contract documents, thus there was no arbitration clause in the contract. Second, Pioneer argues that even if the contract contained an arbitration clause, the agreement was with Midwest Manufacturing, rather than Menard, Inc., thus Menard, Inc. cannot avail itself of the benefits of the contract.

I find neither of these arguments persuasive and conclude that Pioneer has not met its burden of establishing that venue is proper in this Court.

**I.      The Conditions of Order Were Part of the Contract Documents.**

3

The purchase order at issue is five pages long. It provides that the purchase order is "subject to the current terms and conditions issued by Midwest Manufacturing…If vendor is unsure of Midwest Manufacturing's current terms and conditions, contact Midwest Manufacturing's general office for a copy."

Pioneer argues that its president never saw the "Conditions of Order" document that contains the arbitration clause until Menard filed the motion now before me. But even if Pioneer was not aware of the Conditions of Order, it agreed to be bound by them by entering into the purchase agreement. The purchase order clearly references additional conditions, and the agreement places the burden on Pioneer to inquire about the meaning of the phrase "terms and conditions." The fact that no one at Pioneer made such an inquiry does not render these conditions inapplicable. Rather, the "Conditions of Order" are properly considered part of the purchase order agreement.

## II.     Menard, Inc. Was a Party to the Agreement.

Under Illinois law, "a corporation is deemed a distinct legal entity, separate from other corporations with which it may be affiliated." *Forsythe v. Clark USA, Inc.*, 361 Ill. App. 3d 642, 646 (1st Dist. 2005). If Menard, Inc. and Midwest Manufacturing are indeed separate corporations, as Pioneer argues, then Pioneer is correct that Menard cannot avail itself of the contract. But if Pioneer has failed to sufficiently prove that Midwest Manufacturing is a distinct legal entity from Menard, Inc., then Menard may enforce the arbitration clause referenced in the purchase order agreement.

Pioneer has not provided the Court with any document, legal or otherwise, that proves that Midwest Manufacturing is a separate and distinct entity from Menard. The company submitted a declaration by its president, Todd Hendricks, who states that he understood Midwest

4

Manufacturing and Menard, Inc. to be two separate and distinct entities. Hendricks cites the letterhead on all documents he received to support this conclusion, as the documents consistently bore the name "Midwest Manufacturing." Pioneer also submitted a screenshot from the website menards.com, which refers to "Midwest Manufacturing, Inc." But neither the impressions of Pioneer's president nor a line on a website constitute the sort of legally significant documents that would prove Midwest Manufacturing is a distinct legal entity from Menard, Inc.

Menard, Inc. has submitted affidavits to support the position that Menard Inc. and Midwest Manufacturing are indeed part of the same legal entity. Menard has submitted a declaration of Jeff Sacia, the Director of Credit Card Operations of Menard, Inc. He declares that Midwest Manufacturing is a division of Menard, Inc., and Midwest Manufacturing is not a separate corporate entity. He stated that Midwest Manufacturing is not registered, licensed, or authorized to do business in any state. This assertion by Sacia is not contradicted by any affivadit submitted by Pioneer. Menard also points out that the contact information on the purchase order directed Pioneer to a building on the corporate campus of Menard.

If there were a genuine factual conflict here about Midwest Manufacturing's corporate status, I would be required to resolve it in the plaintiff's favor. But there is none. Pioneer has not provided any document that establishes Midwest Manufacturing's legal status as a distinct corporation from Menard, Inc. The company has therefore failed to meet its burden of establishing that venue is appropriate in this Court.

Pioneer makes one slightly different argument about why venue is proper in a sur-reply. The company brought to the Court's attention that Menard, Inc. filed an action against Pioneer in Illinois state court on October 16, 2016, seeking to recover sums paid out to another Menard employee on a worker's compensation claim. Pioneer argues that Menard's decision to file the

claim in state court, rather than pursue arbitration, shows that the arbitration provision is "not important" to Menard, and Menard is willing to resolve disputes with Pioneer in a court of law.

Pioneer does not cite any principle of law that suggests Menard's decision to file one suit in state court would therefore waive the company's ability to compel arbitration in another suit. Whether or not the arbitration clause applies to a separate dispute has no bearing on whether the clause applies to the dispute before me.

### III. All of the Elements Required to Compel Arbitration Are Met

Having concluded that the "Conditions of Order" contained an arbitration clause, those conditions were part of the agreement between Pioneer and Midwest Manufacturing, and Pioneer has failed to draw a legal distinction between Menard, Inc. and Midwest Manufacturing, the first element required to compel arbitration is met.

The second element requires that the arbitration clause covers the kind of dispute at issue. The Third-Party Complaint filed by Pioneer states a tort claim against Menard, stemming from an underlying personal injury lawsuit. The arbitration clause in the Conditions of Order specified that tort claims are subject to arbitration.

The third element requires that Pioneer has refused to arbitrate. By naming Menard as third-party defendant, rather than submitting the issue to arbitration, Pioneer has refused arbitration. Therefore all three elements required to compel arbitration are met, and Pioneer must pursue its claim via arbitration.

## CONCLUSION

For the foregoing reasons, Third-Party Defendant Menard, Inc.'s Motion to Dismiss is granted. Pioneer's claim against Menard, Inc. is dismissed without prejudice so that it may be submitted to arbitration.

ENTER:

James B. Zagel
United States District Judge

DATE: December 1, 2016