**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JUAN GONZALEZ and LORENA GONZALEZ, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 15-cv-11583 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| PIONEER INDUSTRIAL SYSTEMS, LLC, | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MENARD, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The Court granted Third-Party Defendant Menard's motion to dismiss on December 1, 2016. [44.] Currently before the Court is Defendant/Third-Party Plaintiff Pioneer Industrial Systems, LLC's Federal Rule of Civil Procedure 59(e) motion [48] for reconsideration. For the reasons set forth below, the Court denies Pioneer's motion [48]. This case is set for further status hearing on April 27, 2017 at 9:00 a.m.

**I.     Background**

Plaintiffs Juan Gonzalez and Lorena Gonzales bring this personal injury action against Defendant Pioneer Industrial Systems, LLC based on an accident which allegedly occurred at Menard, Inc.'s warehouse facility in Plano, IL. Pioneer filed a third-party complaint against Menard seeking contribution and alleging that Menard's negligent acts and omissions caused or contributed to Plaintiff Juan Gonzalez's injuries. Menard moved to dismiss the third-party complaint, arguing that Pioneer was bound by contract to submit any claim for contribution to

arbitration. On December 1, 2016, the Court granted Menard's motion to dismiss, concluding

that Pioneer must pursue its claims via arbitration.[1] [44.] The Court considered the purchase

order agreement between Pioneer and Midwest Manufacturing, which stated: "This purchase

order is subject to the current terms and conditions issued by Midwest Manufacturing. All

inconsistent terms and conditions submitted by vendor shall have no effect. If vendor is unsure

of Midwest Manufacturing's current terms and conditions, contact Midwest Manufacturing's

general office for a copy." [*Id.* at 2.] One of the conditions referenced by the purchase order

stated:

> Vendor agrees that it will attempt to resolve any dispute by contacting Midwest
> directly. If Midwest and Vendor are unable to resolve the dispute by these means,
> Midwest and Vendor agree to submit to final and binding arbitration. Problems,
> claims, or disputes subject to binding arbitration include, but are not limited to:
> non-statutory claims such as contractual claims, quasi-contractual claims, tort
> claims, and any and all causes of action arising under international, federal or
> state laws or common law.

The Court rejected Pioneer's argument that "Conditions of Order" document containing

the language quoted above was not part of the contract.[2] [*Id.* at 4.] Further, the Court was not

persuaded by Pioneer's argument that the agreement was with Midwest Manufacturing, rather

than Menard, explaining that Midwest Manufacturing is a division of Menard and thus not a

distinct legal entity. [*Id.* at 5.] Finally, the Court rejected Pioneer's argument in its sur-reply

brief that Menard's decision to file an action against Pioneer in Illinois state court in October

2016 seeking to recover sums paid out to another Menard employee on a worker's compensation

claim shows that the arbitration provision is "not important to" Menard. [*Id.* at 5–6.] Therefore,

the Court concluded that Pioneer must pursue its claims via arbitration and granted Menard's

---

[1] This case was previously assigned to the Honorable James B. Zagel, who granted Menard's motion to dismiss. On January 4, 2017, the case was transferred to the undersigned after Judge Zagel took senior status.

[2] The Court's reasoning is discussed further below.

motion to dismiss. [*Id.* at 6.] On December 29, 2016, Pioneer moved for reconsideration pursuant to Rule 59(e). [48.]

## II.    Legal Standard

The Court may a grant Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial, points to evidence in the record that clearly establishes a manifest error of law or fact, or if the Court previously misunderstood a party's arguments. *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012); *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). Rule 59(e) "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Id.* (citation and internal quotation marks omitted). Rule 59(e) motions are "not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Id.* (citation and internal quotation marks omitted). Additionally, "'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)).

## III.    Analysis

Pioneer makes two arguments in its motion for reconsideration. First, Pioneer argues that the arbitration language in Menard's Conditions of Order is procedurally unconscionable under Illinois law. Pioneer contends that the purchase order only refers to the "current terms and conditions issued by Midwest Manufacturing" and does not refer to a document entitled "Conditions of Order," and that Pioneer did not receive a copy of the Conditions of Order. [48, at ¶¶ 20–25.] Thus, in Pioneer's view, the arbitration language was "hidden" in the Conditions of Order and not conspicuous. [*Id.* at ¶ 39.] Pioneer asserts that reconsideration is warranted

3

because the Court misunderstood that Pioneer did not have a meaningful opportunity to negotiate the terms within the Conditions of Order and did not consider whether the inclusion of the arbitration clause in a separate document was procedurally unconscionable. [*Id.* at ¶ 46; 62, at 3.]

This argument fails because it is merely a thinly-veiled attempt to advance an argument that the Court previously rejected. See *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). The Court stated in its opinion granting Menard's motion to dismiss:

> Pioneer argues that its president never saw the "Conditions of Order" document that contains the arbitration clause until Menard filed the motions now before [the Court]. But even if Pioneer was not aware of the Conditions of Order, it agreed to be bound by them by entering into the purchase agreement. The purchase order clearly references additional conditions, and the agreement places the burden on Pioneer to inquire about the meaning of the phrase "terms and conditions." The fact that no one at Pioneer made such an inquiry does not render these conditions inapplicable. Rather, the "Conditions of Order" are properly considered part of the purchase order agreement.

[44, at 4.] Thus, there was no misapprehension about Pioneer's argument that it was not aware of the arbitration clause; the Court's opinion addressed that point. To the extent that Pioneer attempts to recast this argument as a "new" argument about unconscionability, this attempt also fails. Pioneer did not make an unconscionability argument in responding to Menard's motion to dismiss, and "a motion for reconsideration is an improper vehicle to * * * tender new legal theories." *Bally Exp. Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986); cf. *Miller*, 683 F.3d at 813 ("Courts may grant Rule 59(e) motions to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant

points to evidence in the record that clearly establishes a manifest error of law or fact. (citation and internal quotation marks omitted)).

Next, Pioneer argues that Menard should be precluded from seeking arbitration because it filed a separate lawsuit against Pioneer in October 2016 in state court seeking to recover sums it paid for the workers compensation claim of William Ellsoos, who was injured in the same incident as Plaintiff Juan Gonzalez. According to Pioneer, "[i]t is clear that Menard does not actually believe the arbitration language [is] a part of its agreement with Pioneer, as evidenced by the filing of its recent lawsuit against Pioneer in the Circuit Court of Cook County, Illinois," and "[g]iven this new information," the Court should reconsider its opinion granting Menard's motion to dismiss.

This is not "new information." In fact, Pioneer raised the exact same argument in its sur-reply brief to Menard's motion to dismiss, and the Court's opinion squarely addresses it. The Court stated:

> Pioneer makes one slightly different argument about why venue is proper in a sur-reply. The company brought to the Court's attention that Menard, Inc. filed an action against Pioneer in Illinois state court on October 16, 2016, seeking to recover sums paid out to another Menard employee on a worker's compensation claim. Pioneer argues that Menard's decision to file the claim in state court, rather than pursue arbitration, shows that the arbitration provision is "not important" to Menard, and Menard is willing to resolve disputes with Pioneer in a court of law.

> Pioneer does not cite any principle of law that suggests Menard's decision to file one suit in state court would therefore waive the company's ability to compel arbitration in anther suit. Whether or not the arbitration clause applies to a separate dispute has no bearing on whether the clause applies to the dispute [currently before the Court].

[44, at 5–6.] Thus, the Court already rejected this argument, and it is inappropriate for Pioneer to advance the same argument in a motion for reconsideration. See *Caraker v. Sandoz Pharm. Corp.*, 172 F. Supp. 2d 1018, 1027 (S.D. Ill. 2001) (explaining that simply rehashing a

previously rejected argument "is exactly what *not* to do in a motion to reconsider"); *Fisher v. Samuels*, 691 F. Supp. 63, 74 (N.D. Ill. 1988) (explaining that it is inappropriate to use a motion for reconsideration to advance an argument that the court has already rejected). For these reasons, the Court denies Pioneer's motion [48] for reconsideration.

Finally, Menard argues in its response brief that Pioneer's Rule 59(e) motion is frivolous and requests that the Court sanction Pioneer and award Menard attorney's fees under Federal Rule of Civil Procedure 11. However, by advancing this argument in its response brief, Menard has failed to follow the procedures set out in Rule 11. Rule 11(c)(2) sets forth that "[a] motion for sanctions must be made separately from any other motion[.]" Fed. R. Civ. P. 11(c)(2). "Permitting a motion for sanctions to be made in conjunction with another motion constitutes an abuse of discretion." *Divane v. Krull Elec. Co.*, 200 F.3d 1020, 1025 (7th Cir. 1999); see also *Glutzer v. Prudential Ins. Co. of Am.*, 183 F.R.D. 632, 639 (N.D. Ill. 1999) (denying request for Rule 11 sanctions made in a response brief). Thus, the Court denies Menard's request for Rule 11 sanctions against Pioneer.

## IV. Conclusion

For the foregoing reasons, Defendant/Third-Party Plaintiff Pioneer Industrial Systems, LLC's Federal Rule of Civil Procedure 59(e) motion [48] to alter or amend judgment is denied. This case is set for further status hearing on April 27, 2017 at 9:00 a.m.

Dated: April 6, 2017

Robert M. Dow, Jr.
United States District Judge