**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JUAN GONZALEZ and LORENA GONZALEZ, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 15-cv-11583 |
| v. | ) ) | Judge Robert M. Dow, Jr. |
| PIONEER INDUSTRIAL SYSTEMS, LLC, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' motion [67] for leave to file an amended complaint seeking punitive damages pursuant to 735 ILCS 5/2-604.1. For the reasons stated below, Plaintiffs' motion [67] is granted. This case remains set for further status on July 25, 2018 at 9:00 a.m.

**I.     Background**

Plaintiffs Juan Gonzalez and Lorena Gonzalez ("Plaintiffs") filed their complaint against Defendant Pioneer Industrial Systems, LLC ("Defendant") on November 19, 2015 in the Circuit Court of Cook County. [See 2, Exhibit A.] Defendant then removed the case to federal court on December 23, 2015. [See 2.] In their complaint, Plaintiffs bring claims for strict products liability, negligence, and loss of consortium against Defendant relating to injuries suffered by Plaintiff Juan Gonzalez on October 22, 2014, when a Midwest Manufacturing Pre-Hung Door Pick-Car ("Pick-Car") that he was operating at a Menard's facility malfunctioned. [2, Exhibit A.] A pick-car is used to pick products off of shelving units. Plaintiffs allege that when Plaintiff Juan Gonzalez was operating the Pick-Car (designed and manufactured by Defendant) at a height of approximately two stories, it fell without warning, causing injury to Mr. Gonzalez. [*Id.*, ¶¶ 7–

8.] Plaintiffs seek compensatory damages for these injuries in this original complaint. [*Id.*, ¶¶ 12, 18, 21.]

On August 3, 2017, Plaintiffs filed the instant motion to file an amended complaint seeking punitive damages. [See 67.] According to Plaintiffs' proposed amended complaint, on or before October 22, 2014, Defendant knew of at least two instances when the safety devices that were designed to prevent the operator's compartment of the Pick-Car from falling had failed. [See 67, Exhibit D, ¶ 6.] Specifically, Defendant had been informed that the bushings and overspeed brake, the two safety devices on the Pick-Car that failed in October 2014, had previously failed in June 2014 and in September 2014. [*Id.*, ¶ 28.] Plaintiffs allege that, despite having this information, Defendant failed to evaluate the design of the Pick-Car, failed to inspect the Pick-Car, and failed to repair or maintain the Pick-Car before the October 2014 incident that injured Mr. Gonzalez. [*Id.*] Plaintiffs further allege that these "willful and wanton acts" of Defendant were the direct and proximate causes of Mr. Gonzalez's injuries. [*Id.*, ¶ 29.] Based on these allegations, Plaintiffs seek to amend their complaint to add a claim for punitive damages. [*Id.*, ¶¶ 21–30.] Defendant has opposed this motion. [See 75.]

## II. Legal Standard

As an initial matter, the Court must decide what standard to apply to Plaintiffs' motion. Plaintiffs invoke 735 ILCS 5/2-604.1 as the basis for seeking leave to amend their complaint to add a claim for punitive damages. [See 67, at 4–5.] This statute prohibits a plaintiff from filing a complaint pleading punitive damages in a negligence or products liability action but allows a plaintiff to make a pretrial motion to amend his complaint to include such a request: "The court shall allow the motion to amend the complaint if the plaintiff establishes * * * a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages." 735

ILCS 5/2-604.1. Federal courts in Illinois consistently have held that this rule is procedural, however, and thus should not be applied by a federal court sitting in diversity. See *Stephens v. Navient Sols. Inc.*, 2016 WL 6804560, at *6 n.2 (N.D. Ill. Nov. 16, 2016); *Wendorf v. Landers*, 755 F. Supp. 2d 972, 981 (N.D. Ill. 2010) ("[T]his provision of Illinois law is a procedural provision that does not bind federal courts deciding state-law claims."); *Betts v. E. St. Louis Hous. Auth.*, 2007 WL 2088813, at *2 (S.D. Ill. July 19, 2007) (finding the plaintiff was not barred from pursuing punitive damages by 735 ILCS 5/2-604.1 and collecting cases); *Serfecz v. Jewel Food Stores, Inc.*, 1997 WL 543116, at *6–7 (N.D. Ill. Sept. 2, 1997) (same and collecting cases); *Dewick v. Maytag Corp.*, 296 F. Supp. 2d 905, 906 n.3 (N.D. Ill. 2003) (motion to amend complaint to add prayer for punitive damages controlled by Federal Rule of Civil Procedure 15, rather than 735 ILCS 5/2-604.1, because the Illinois law is procedural not substantive); see also *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 426 (1996) ("[F]ederal courts sitting in diversity apply state substantive law and federal procedural law."). The Court will therefore analyze Plaintiffs' request, and Defendant's opposition, pursuant to Federal Rule of Civil Procedure ("Rule") 15, which controls amendments to pleadings at the federal level. See Fed. R. Civ. P. 15.

A motion for leave to file an amended complaint should "freely" be granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal policy of granting amendments is based in part on the belief that decisions on the merits should be made whenever possible, absent countervailing considerations." *Olech v. Vill. of Willowbrook*, 138 F. Supp. 2d 1036, 1040 (N.D. Ill. 2000) (citation omitted). Leave to amend should be freely given "'[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Ultimately, "'[t]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court.'" *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Brunt v. Serv. Emps. Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002)).

## III.  Analysis

Plaintiffs request leave to file an amended complaint that seeks punitive damages. In Illinois, punitive damages "are not awarded as compensation, but serve instead to punish the offender and to deter that party and others from committing similar acts of wrongdoing in the future." *Slovinski v. Elliot*, 927 N.E.2d 1221, 1224–25 (Ill. 2010) (internal quotation marks and citation omitted). Punitive damages may be awarded "when torts are committed with fraud, actual malice, deliberate violence or oppression, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others." *Loitz v. Remington Arms Co., Inc.*, 563 N.E.2d 397, 402 (Ill. 1990) (quoting *Kelsay v. Motorola, Inc.*, 384 N.E.2d 353, 359 (Ill. 1978)). They "are not awarded for mere inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence." *Id.* at 402 (citation omitted). In other words, punitive damages are appropriate where "the conduct in issue approaches the degree of moral blame attached to intentional wrongdoing." *Stojkovich v. Monadnock Bldg.*, 666 N.E.2d 704, 712 (Ill. App. Ct. 1996) (citation omitted); see also *Jentz v. ConAgra Foods, Inc.*, 767 F.3d 688, 693 (7th Cir. 2014) (noting that in Illinois, punitive damages "depend on willful and wanton conduct").

Conduct may be "willful and wanton" when it exhibits a "reckless disregard for the safety of others." *O'Brien v. Township High Sch. Dist. 214*, 415 N.E.2d 1015, 1018 (Ill. 1980) (quoting *Lynch v. Bd. of Educ. of Collinsville Cmty. Unit Dist. No. 10*, 412 N.E.2d 447, 457 (Ill. 1980)). This includes conduct involving "a failure, after knowledge of impending danger, to exercise ordinary care to prevent the danger." *Ziarko v. Soo Line R. Co.*, 641 N.E.2d 402, 406 (Ill. 1994) (internal quotation marks and citation omitted). In products liability cases, factors relevant to determining whether a defendant acted in a willful and wanton matter include (1) the defendant's knowledge of a defect in its product and its corresponding knowledge that the defect is likely to cause injury; and (2) the defendant's failure to take affirmative action to avoid the potential for injury arising from the defect. *Dewick*, 296 F. Supp. 2d at 907 (citing *Moore v. Jewel Tea Co.*, 263 N.E.2d 636, 648–49 (Ill. App. Ct. 1969)); see also *Moore*, 263 N.E.2d at 649 ("The question of willful and wanton conduct is essentially whether the failure to exercise care is so gross that it shows a lack of regard for the safety of others."). Other relevant factors to consider in this context include the total number of products sold, the amount of usage of the product, and the product's inherent dangerousness. *Dewick*, 296 F. Supp. 2d at 908 (citing *Loitz*, 563 N.E.2d at 404).

Here, Plaintiffs argue that evidence uncovered during discovery demonstrates that (1) Defendant knew at least one month prior to Plaintiff's accident that the Pick-Car had malfunctioned on two previous occasions, and (2) Defendant demonstrated a reckless disregard for Mr. Gonzalez's safety by failing to evaluate the cause of these malfunctions, failing to send someone to inspect the Pick-Car, and failing to suggest any corrective measures. [67, at 5–6.] Defendant disputes Plaintiffs' contentions and argues that after each of the two prior incidents with the Pick-Car, Defendant discussed the issue with a Menard's representative. As such,

Defendant claims to have been working to resolve the issues with the Pick-Car and not acting outrageously such that punitive damages should be available for Plaintiffs. [75, at 4–6.]

The Court will grant Plaintiffs leave to file an amended complaint. While Defendant has argued that the evidence Plaintiffs have used to support their request to amend the complaint does not sufficiently show that Defendant's conduct meets the substantive standard for punitive damages in Illinois, Defendant's arguments are largely irrelevant because they are tied to the amendment standard of 735 ILCS 5/2-604.1. As previously stated, the Court does not apply this procedural state statute as a federal court sitting in diversity. See *Stephens*, 2016 WL 6804560, at *6 n.2.

Defendant has not pointed to anything under the prevailing standard of Rule 15(a) that would bar Plaintiffs from amending their complaint to include a request for this relief. Defendant has not claimed that amendment would be futile. See *Foman*, 371 U.S. at 182. An amended complaint is futile if it would not withstand a motion to dismiss. See *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013). Plaintiffs' proposed amended complaint, [see 67, Exhibit D], alleges that Defendant had knowledge of defects in the Pick-Car prior to Mr. Gonzalez's accident yet took no measures to address these defects. [67, Exhibit D, ¶ 28.] These allegations would withstand a motion to dismiss, and thus the amendment to request punitive damages would not be futile. See *Dewick*, 296 F. Supp. 2d at 911 (granting motion to amend complaint because "while it is too early in the game to determine whether [plaintiff] will ultimately succeed in mulcting [defendant] in punitive damages, it would be wholly improvident to restrict them from trying"); *Underhill v. Coleman Co., Inc.*, 2014 WL 504067, at *10–11 (S.D. Ill. Feb. 7, 2014) (denying motion to strike request for punitive damages where plaintiff produced evidence that defendant had knowledge of risks of its products

6

and failed to change its warnings despite this knowledge); *Clifton v. I-Flow Corp.*, 2011 WL 5077615, at *4–5 (N.D. Ill. Oct. 26, 2011) (allegations that plausibly suggested the defendant acted with a conscious disregard of the rights of others are sufficient to plead an entitlement to punitive damages); *Worthem v. Gillette Co.*, 774 F. Supp. 514, 517–18 (N.D. Ill. 1991) (denying motion to dismiss count for punitive damages where plaintiff had specifically pled specific instances of willful and wanton conduct "committed * * * with conscious indifference to existing circumstances and conditions"); *Proctor v. Davis*, 682 N.E.2d 1203, 1216 (Ill. App. Ct. 1997) (where evidence was presented that defendant knew of adverse effects of particular use of drugs and continued to promote this use, there was sufficient evidence of willful and wanton conduct to justify imposition of punitive damages).

Nor has Defendant argued that it would suffer any undue prejudice from allowing this amendment. See *Foman*, 371 U.S. at 182. Defendant will still be able to move for summary judgment pursuant to Rule 56 on any of Plaintiffs' claims. And the Court reserves the right to disallow any evidence relating to punitive damages deemed to be inadmissible, and to decline to instruct the jury on punitive damages if the evidence at trial could not support a punitive damages award.

No other reasons to refuse Plaintiffs' request to amend the complaint, such as delay, bad faith, or dilatory motive, are present here. See *Foman*, 371 U.S. at 182. Therefore, the Court grants Plaintiffs' motion [67] to amend their complaint to include a request for punitive damages.

## IV. Conclusion

For the reasons stated above, Plaintiffs' motion [67] is granted. This case remains set for further status on July 25, 2018 at 9:00 a.m.

7

Date: March 1, 2018

_____
Robert M. Dow, Jr.
United States District Judge